[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 478
The defendant, Waste Management of Connecticut, Inc., f/k/a Waste Management, Inc., d/b/a NRS, has filed a motion to strike (#104) plaintiff John Bundock's amended complaint dated June 24, 1992. The amended complaint alleges that the plaintiff was injured on August 23, 1991, in the course of his employment with the defendant. Plaintiff further alleges that he notified the defendant at the time of the accident that he intended to exercise his rights under the Workers' Compensation Act, General Statutes31-275 et seq., and that defendant terminated his employment on August 30, 1991, in violation of General Statutes 31-290a(a) ("No employer . . . shall discharge . . . any employee because the employee has filed a claim for workers' compensation benefits or otherwise exercised the rights afforded to him pursuant to the provisions of this chapter").
The basis for the motion to strike is that the plaintiff concedes in his complaint that he did not file a notice of claim for workers' compensation until October 30, 1991, and therefore that he could not have been discharged on August 30, 1991, in violation of General Statutes31-290a(a), because that statute refers to someone who "has filed a claim" for compensation, or "otherwise exercised" his rights under the compensation statute.
A motion to strike tests the legal sufficiency of the allegations of a complaint to state a claim upon which relief may be granted. Practice Book 152(1); Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). A motion to strike admits all facts well-pleaded; Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985); which are then construed in the light most favorable to the pleader. Blancato v. Feldspar, 203 Conn. 34,36, 522 A.2d 1235 (1987). "If facts provable under the allegations would support a . . . cause of action, then the motion to strike must fail." Ferryman v. Groton, supra, 142.
It is clear that at the time of discharge in August, 1991, the plaintiff had not yet filed a claim for workers' compensation, and hence the termination of his employment could not constitute a violation of General Statutes 31-290a(a) for that reason. Paragraph 9 of the amended complaint, however, alleges that plaintiff was discharged because he notified the defendant that he "would exercise the rights afforded him under the Connecticut Workers' Compensation Act." This allegation sufficiently states, in my opinion, a cause of action for a violation of31-290a(a), in that it is claimed that discharge followed notice that the plaintiff "otherwise exercised the rights" afforded him by the statute. If the actual filing of a claim was a prerequisite to a recovery under the CT Page 479 statute, there would be no need to refer to someone who "otherwise exercised" his rights. It would seem that this phrase encompasses an announcement to an employer of a present intent to file a compensation claim in the future, which then precipitates a discharge from employment. This interpretation is in accord with the description of 31-290a in Ford v. Blue Cross Blue Shield of Connecticut. Inc., 216 Conn. 40, 52,578 A.2d 1054 (1990) (". . . a statute obviously designed to protect claimants who file for benefits under one of this century's most socially ameliorative statutory programs . . .").
Because I believe that the complaint sufficiently alleges a cause of action for a violation of 31-290a(a), the defendant's motion to strike is denied.
So Ordered.
Dated at Stamford, Connecticut, this 26th day of January, 1993.
WILLIAM B. LEWIS, JUDGE CT Page 480